IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CR-93-D-1
No. 7:22-CV-16-D

| | |
|---|---|
| COVIA DZELL SMITH, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

On January 28, 2022, Covia Dzell Smith ("Smith" or "petitioner") moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 300-month sentence [D.E. 120]. On March 7, 2022, Smith corrected his section 2255 motion [D.E. 123]. On March 16, 2022, the United States moved to dismiss [D.E. 125] and filed a memorandum in support [D.E. 126]. As explained below, the court grants the United States' motion to dismiss and dismisses Smith's section 2255 motion.

I.

Smith was a high-ranking Bloods gang member with a violent criminal history. See Presentence Investigation Report ("PSR") [D.E. 80] ¶¶ 9–16. Smith was known for drug trafficking, carrying a gun, and his willingness to use violence. See id. Smith has numerous state convictions, including, but not limited to, resisting an officer, second-degree rape, assault with a deadly weapon inflicting serious injury, discharging a weapon into occupied property, and numerous drug trafficking offenses. See id. at ¶¶ 22–36. While imprisoned for various state convictions, Smith incurred 58 infractions, including, but not limited to, fighting, profane language, and weapon possession. See id. at ¶¶ 26–27.

As for Smith's current conviction, Smith was responsible for distributing 152.15 grams of cocaine, 14 grams of cocaine base ("crack"), 40 grams of heroin, and 0.96 gram of marijuana. Id. at ¶ 17. According to cooperating witnesses, Smith stated that he intended to have a fellow Bloods gang member make the investigating agent in Smith's case "dog food." Id. at ¶ 16.

On January 18, 2019, a jury convicted Smith of one count of knowingly and intentionally distributing a mixture and substance containing a detectable amount of marijuana in violation of 21 U.S.C. § 841(a)(1) (count one) and two counts of knowingly and intentionally distributing a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1) (counts two and three). [D.E. 61]. The PSR calculated Smith's total offense level to be 34, his criminal history category to be VI, and his advisory guidelines range on counts two and three to be 262 to 327 months' imprisonment. See PSR ¶¶ 40, 59–72, 74.

On July 15, 2019, the court held Smith's sentencing hearing. See [D.E. 89, 95, 96, 101]. At sentencing, Smith did not object to the contents of the PSR or object to the effectiveness of counsel, the career-offender enhancement, or any other matter. See Sent. Tr. [D.E. 101]. The court adopted the facts in the PSR. See Fed. R. Crim. P. 32(i)(3)(A)–(B); Sent. Tr. at 4. The court found Smith's total offense level to be 34, his criminal history category to be VI, and his advisory guidelines range on counts two and three to be 262 to 327 months' imprisonment. See Sent. Tr. at 5. After thoroughly considering the arguments of counsel, Smith's statement, and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Smith to 12 months' imprisonment on count one, 300 months' imprisonment on count two, and 300 months' imprisonment on count three, all to run concurrently, for a total of 300 months' imprisonment. Id. at 20–25; [D.E. 140].

On July 19, 2019, Smith appealed, making numerous arguments, including challenging the substantive reasonableness of his 300-month sentence and alleging trial counsel's ineffective

2

assistance [D.E. 90]. On October 30, 2020, the Fourth Circuit affirmed Smith's conviction and sentence and held that "Smith's sentence is supported by the record and the district court's careful consideration of the [section] 3553(a) factors[.]" United States v. Smith, 833 F. App'x 516, 521 (4th Cir. 2020) (per curiam) (unpublished), cert. denied, 141 S. Ct. 2650 (2021). The Fourth Circuit declined to address Smith's arguments about counsel's alleged ineffective assistance. See id.

On January 28, 2022, Smith moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 300-month sentence [D.E. 120]. On March 7, 2022, Smith corrected his section 2255 motion [D.E. 123]. On March 16, 2022, the United States moved to dismiss [D.E. 125].

II.

Smith asserts two claims in his section 2255 motion: (1) his sentence was procedurally and substantively unreasonable due to alleged errors in calculating his advisory guideline range and (2) ineffective assistance of counsel due to alleged errors committed during sentencing in calculating his advisory guideline range. See [D.E. 120, 123]. Smith's motion consists solely of the required form, and Smith failed to file any memoranda to support his claims or to rebut the government's motion to dismiss. See [D.E. 120, 123].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. Fed. R. Civ. Pro. 12(b)(6); see Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or

3

arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

A.

Smith's challenge to his sentence as procedurally and substantively unreasonable is a guise to challenge the advisory guideline range calculation. Smith, however, cannot use a section 2255 motion to attack his advisory guideline range retroactively. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999) ("Barring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding."). Thus, Smith's challenge to the calculation of his advisory guideline range or the procedural or substantive reasonableness of his sentence fails.

Alternatively, Smith procedurally defaulted any procedural reasonableness challenge to his sentence by failing to raise the claim on direct appeal. Smith also failed to object to being a career offender or to make any other objections to the advisory guideline range during sentencing or on appeal. Thus, the general rule of procedural default bars Smith from presenting such a claim under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United

4

States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Smith has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged errors about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999). Accordingly, Smith's procedural reasonableness claim fails.

As for substantive reasonableness, Smith challenged the substantive reasonableness of his sentence on direct appeal and lost. See Smith, 833 F. App'x at 521. Smith cannot use section 2255 to recharacterize and relitigate a claim he lost on direct appeal. See Bousley, 523 U.S. at 622–23; Frady, 456 U.S. 152, 164–65 (1982); Dyess, 730 F.3d at 360; United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam). Accordingly, Smith's substantive reasonableness claim fails.

B.

As for Smith's ineffective assistance of counsel claims, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lee v. United States, 137 S. Ct. 1958, 1964–65 (2017); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, a defendant must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v.

5

Washington, 466 U.S. 668, 687–96 (1984); United States v. Mayhew, 995 F.3d 171, 176 (4th Cir. 2021).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing "that there is a reasonable probability that," but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

Smith alleges trial and appellate counsel were ineffective by failing to challenge: (1) the career-offender enhancement; (2) the United States' first notice under 21 U.S.C. § 851; (3) the criminal history calculation; (4) the base offense level arising from the drug weight; and (5) the offense level due to enhancements arising from Smith's statements to his jail cell mate. See [D.E. 123] 5.

As the United States explained in its response, Smith has not plausibly alleged deficient performance concerning his counsel's performance at sentencing or on appeal. See [D.E. 126] 13–24. Smith's arguments in his section 2255 motion concerning the career-offender enhancement, the section 851 notice, the criminal history calculation, or the advisory guideline calculations are meritless. See id. The proposed objections at sentencing or arguments on appeal are equally meritless. See id.; see also PSR at ¶¶ 22–36. The Sixth Amendment does not require a lawyer to make all non-frivolous objections, much less meritless objections. See Knowles v. Mirzayance, 556 U.S. 111, 124–26 (2009). Thus, the ineffective assistance of counsel claims fail.

6

Alternatively, Smith has not plausibly alleged prejudice concerning counsel's performance at sentencing or on appeal. The court announced that it would impose the same 300-months sentence as an alternate variant sentence pursuant to 18 U.S.C. § 3553(a). See Sent. Tr. at 23–24. Thus, Smith has failed to plausibly allege prejudice by any alleged deficient performance at sentencing or on appeal. See Molina-Martinez v. United States, 578 U.S. 189, 197–201 (2016); United States v. Feldman, 793 F. App'x 170, 173–74 (4th Cir. 2019) (per curiam) (unpublished); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 160–65 (4th Cir. 2012). Accordingly, Smith's ineffective assistance of counsel claims fail. See Sears v. Upton, 561 U.S. 945, 955–56 (2010); Glover, 531 U.S. at 202–04; Strickland, 466 U.S. at 691–96.

After reviewing the claims presented in Smith's motion, the court finds that reasonable jurists would not find the court's treatment of Smith's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000).

III.

In sum, the court GRANTS respondents motion to dismiss [D.E. 125], DISMISSES petitioner's section 2255 motions [D.E. 120, 123], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 12 day of September, 2022.

JAMES C. DEVER III
United States District Judge

7

Case 7:18-cr-00093-D   Document 127   Filed 09/12/22   Page 7 of 7